UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


JAMES S. CREWS,
      Plaintiff


      -v-                                           CIVIL 3:07-CV-01133 (CFD)


MICHAEL ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,
      Defendant


### MAGISTRATE JUDGE'S OPINION

Cross-motions for judgment (dkts. ## 11, 16) are pending in this action under 42 U.S.C. §405(g). The Commissioner's motion should be **DENIED**. (Dkt. # 16). The plaintiff's motion should be **GRANTED**. (Dkt. # 11). The decision of the Commissioner should be reversed and the case remanded for an award of benefits.

The plaintiff argues that the administrative decision in this case is the product of at least four serious legal errors: (1) the ALJ erroneously applied the sequential evaluation process articulated in Berry v. Schweiker, 675 F.2d 464, 469 (2d Cir. 1982), and later augmented by Kohler v. Astrue, 546 F.3d 260 (2d Cir. 2008); (2) the ALJ did not give appropriate weight to the opinions of the plaintiff's treating physicians; (3) the ALJ's assessment of the plaintiff's residual functional capacity ("RFC") is contradicted by the weight of the evidence; and (4) the

plaintiff has sustained his burden of proving entitlement to benefits in that he lacks the capacity for substantial gainful employment.

Because the court agrees with the plaintiff's first argument, it is not necessary to address his remaining arguments, except to note that they are not without basis. The court finds that the ALJ in this case clearly erred is determining whether the plaintiff's impairments meet or equal a listed impairment. The court finds that the plaintiff's impairments meet or equal Listing 12.04. Remand for any purpose other than to calculate and award benefits would not serve the interests of justice.

There are five steps to the sequential evaluation process that the Commissioner must follow. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §404.1520. Here, the plaintiff easily satisfied the requirements of steps one and two. The ALJ did not, however, correctly apply or consider the third step of the process. At step three the ALJ is required to determine "whether the [claimed] impairment is listed in Appendix 1 of the regulations or is equal to a listed impairment." Fisher v. Barnhart, 363 F. Supp. 2d 153, 165 (D. Conn. 2005). Where it is found that a claimant has a listed impairment or equivalent, disability is presumed and the inquiry ceases. 20 C.F.R. §1520(a)(4)(iii); Berry, 675 F.2d at 468.

Here, the ALJ simply stated that the plaintiff's "medically

determinable impairments do not meet or medically equal one of the listed impairments. . . ." (Tr. 29 at ¶4).  The administrative decision offers no analysis, discussion, or subordinate factual findings anchoring this critical determination.  While an ALJ need not reconcile every scrap of conflicting evidence, <u>Miles v. Harris</u>, 645 F.2d 122, 124 (2d Cir. 1981); <u>Mongeur v. Heckler</u>, 722 F.2d 1033 (2d Cir. 1983), the less an ALJ offers to support a step three conclusion, the more difficult it becomes for the court to conduct a meaningful review.

An ALJ's failure to articulate the basis for his determination at step three is not inevitably fatal.  Where other portions of the ALJ's decision, or parts of the administrative record, contain substantial evidence to support a determination, the omission may be harmless.  <u>Berry</u>, 675 F.2d at 468.  This is especially true where *unchallenged* findings elsewhere in the ALJ's decision "confirm the step three determination under review." <u>Fischer-Ross v. Barnhart</u>, 431 F.3d 729, 734 (10th Cir. 2005).  But here, the plaintiff *does challenge* the ALJ's conclusory findings.  Moreover, since the ALJ made no specific findings as to the various parts and subparts of the regulations, the Commissioner has left the court with no alternative but to supply the missing analysis. The magistrate judge finds that the plaintiff's impairments meet or equal Listing 12.04.  The court makes that finding chiefly on the basis of the evidence and arguments set forth in the plaintiff's

able brief. (Dkt. #11-2)

The magistrate judge finds that the plaintiff suffers from a mood disorder as defined in Listing 12.04.  The magistrate judge finds that the plaintiff satisfies the requirements of both Subparts A and B.  More specifically, as to Subpart A, the plaintiff has established that he comes within the definition of, and thus suffers from, a "depressive syndrome."  To qualify under the category of "depressive syndrome," one must manifest *four* of nine listed symptoms.  The record evidence establishes, and the magistrate judge finds, that plaintiff suffers from at least *eight* of the nine listed symptoms.

There is no evidence that plaintiff has suffered an appetite disturbance of change in weight, but there is ample evidence in the record, and the magistrate judge finds, that the plaintiff suffers from pervasive loss of interest in almost all activities; sleep disturbances; psychomotor agitation; decreased energy; feelings of guilt and worthlessness; difficulty concentrating and thinking; thoughts of suicide; and delusional, paranoid thinking.  The evidence indicates that these are not transient.  They are persistent and pervasive.  They are also resistant to the various medicines plaintiff has tried with medical supervision over the years.  These findings are supported by the reports of the plaintiff's treating physicians; by medical records and notes from his nine separate hospitalizations; and by his testimony. See

§12.04(a),(c),(d),(e),(f),(g), and (h).  It appears that the plaintiff has been hospitalized on approximately nine times as a result of suicide attempts.

With respect to Subpart B, the magistrate judge finds that its requirements have been met as well. Documentary evidence memorialize the plaintiff's inability to concentrate, his problems with persistence and pace, and his inability to function socially. (Tr. 322-24; 424-26; 441).  There is not merely "substantial evidence" to support the plaintiff's claim, but strong and persuasive evidence that eclipses the random scintillas that support the ALJ's position.

The plaintiff is a severely disturbed individual.  He suffers from refractory depression.  His depression has failed to respond to a panoply of anti-depressants that have been used on him over the years.  The failure of his prescribed medicine to provide relief has been the cause of episodic use of alcohol and drugs, with long periods of abstinence between them.  The ALJ greatly exaggerates the plaintiff's alleged alcohol and drug abuse.  He treats it as a cause, rather than an effect of the plaintiff's illness. As plaintiff's treating physician notes, the plaintiff's depression began with the death of his infant son.  There is no greater tragedy for a parent than the loss of a child.  The treating physician's report, which was not given the respect it deserved, documents the tragedy's effect on the plaintiff's

psychiatric health.  He is disabled.  There is not substantial evidence to the contrary.

If the district judge wants additional findings regarding the other deficiencies in the administrative decision, he is free to request them.  The Commissioner's motion should be **DENIED**.  (Dkt. # 16).  The plaintiff's motion to reverse the decision of the Commissioner should be **GRANTED** and benefits awarded.  (Dkt. # 11).  This is a report and recommendation within the meaning of 28 U.S.C. §636(b).

Dated at Hartford, Connecticut, this <u>11th</u> day of February, 2009.

<u>/s/ Thomas P. Smith</u>
Thomas P. Smith
United States Magistrate Judge